UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GEORGIA CAMPBELL                                        PLAINTIFF

VS.                                 CIVIL ACTION NO. 4:05CV115LN

BOARD OF TRUSTEES OF THE QUITMAN
SCHOOL DISTRICT AND CHARLES W.
SHEPHERD, SUPERINTENDENT IN HIS
OFFICIAL CAPACITY AND INDIVIDUALLY                    DEFENDANTS

MEMORANDUM OPINION AND ORDER

    This cause is before the court on the motion of defendants

Quitman School District and Charles W. Shepherd for summary

judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure.  Plaintiff Georgia Campbell has responded to the motion

and the court, having considered the memoranda of authorities,

together with attachments, submitted by the parties, concludes

that the motion is well taken and should be granted.

    Plaintiff Georgia Campbell was in her second year of

employment with the Quitman School District when she received

notice in April 2004 that the superintendent recommended that her

contract not be renewed for the following year.  After a hearing,

held in plaintiff's absence, the School Board adopted the

superintendent's recommendation of non-renewal, and in an opinion

dated July 5, 2005, the Clarke County Chancery Court affirmed the

Board's decision.  One week later, on July 11, 2005, Campbell

filed the present action alleging claims under state law for breach of contract and under federal law, specifically 42 U.S.C. § 1983, for alleged violation of her rights to due process based on the District's alleged failure to provide her with proper notice of the non-renewal hearing and conducting the hearing in her absence, thus depriving her of the opportunity to be heard.[1] Defendants have moved for summary judgment, contending that because the issues raised by plaintiff's claims herein have been decided against her, both by the Clarke County Chancery Court and by the Mississippi Employment Security Commission, plaintiff's claims are barred by collateral estoppel and/or res judicata.

Although public school teachers in Mississippi have no right to reemployment in successive school years, they do have certain procedural rights.  Specifically, under the Mississippi Education Employment Procedures Law, Miss. Code Ann. § 37-9-101 -113, a public school teacher employed by a local school district for a continuous period of two years is entitled to certain procedural protections in the event the district proposes that the teacher not be reemployed for the succeeding school year.  The grounds for nonrenewal and the procedures to be followed are outlined in the Act, which states:

---

[1]     Although plaintiff's complaint contains a reference to violation of her right to equal protection, she alleges no facts in support of such a claim.

It is the intent of the legislature to establish
procedures for providing public school employees notice
of the reasons for not offering an employee a renewal of
his contract, to provide an opportunity for the employee
to present matters in extenuation or exculpation to
enable the Board to determine whether the recommendation
of non-employment is a proper employment decision and
not contrary to law, and not to establish a system of
tenure or require that all decisions of nonreemployment
be based upon cause with respect to employment in the
school district.

Under the Act, "[i]f a recommendation is made by the school

district not to offer an employee a renewal contract for a

successive year, written notice of the proposed nonreemployment

stating the reasons for the proposed nonreemployment" is required

to be given on or before April 15.  Miss. Code Ann. § 37-9-105.

Upon timely written request of the employee, the employee is

entitled to

(a) Written notice of the specific reasons for
nonreemployment, together with a summary of the factual
basis therefor, a list of witnesses and a copy of
documentary evidence substantiating the reasons intended
to be presented at the hearing, which notice shall be
given at least fourteen (14) days prior to any hearing.
. . .;
(b) An opportunity for a hearing at which to present
matters relevant to the reasons given for the proposed
nonreemployment, including any reasons alleged by the
employee to be the reason for nonreemployment;
(c) Receive a fair and impartial hearing before the
board or hearing officer;
(d) Be represented by legal counsel, at his own expense.

If the employee requests a hearing, she is required to

provide the district, not less than five (5) days before
the scheduled date for the hearing, a response to the
specific reasons for nonreemployment, a list of
witnesses and a copy of documentary evidence in support
of the response intended to be presented at the hearing.

3

> If the employee fails to provide this information, then
> the recommendation of nonreemployment shall be final
> without the necessity of a hearing.

Miss. Code Ann. § 37-9-109.  If one is requested, the Board must

schedule a hearing before the Board or an impartial hearing

officer and notify the employee in writing of same.  Miss. Code

Ann. § 37-9-111(1).  The statute states that at the hearing,

"[t]he district shall present evidence . . . in support of its

recommendation for nonreemployment," and that,

> [t]he employee shall be afforded an opportunity to
> present matters at the hearing relevant to the reasons
> given for the proposed nonreemployment determination and
> to the reasons the employee alleges to be the reasons
> for nonreemployment and to be represented by counsel at
> such a hearing.  Such hearing shall be conducted in such
> a manner as to afford the parties a fair and reasonable
> opportunity to present witnesses and other evidence
> pertinent to the issues and to cross-examine witnesses
> presented at the hearing.

Miss. Code Ann. § 37-9-111(3).  In the event the hearing is held

before a hearing officer, the Board must consider the record of

the proceedings and report of the hearing officer, and determine

based solely thereon "whether the proposed nonreemployment is a

proper employment decision, is based upon a valid educational

reason or noncompliance with school district personnel policies .

. . and shall notify the employee in writing of its final decision

and reasons therefor."  Miss. Code Ann. § 37-9-111(5).  "If the

matter is heard before a hearing officer, the board shall also

grant the employee the opportunity to appear before the board to

present a statement in his own behalf, either in person or by his

4

attorney, prior to a final decision by the board." Id.  The

employee has the right to appeal an unfavorable decision to the

chancery court, and then to the state supreme court.

Campbell was hired in August 2002 by the Quitman School

District as a fifth grade teacher with Quitman Upper Elementary

School.  Her contract was renewed for the 2003-2004 school year;

however, by letter dated April 7, 2004 from Dr. Charles Shepherd,

District Superintendent, Campbell was notified that her contract

would not be renewed for the 2004-2005 school year.[2]  Upon receipt

of the letter, Campbell requested a hearing, and was notified by

Dr. Shepherd by letter dated April 23, 2004 that a hearing was

scheduled for Monday, May 10, 2004 at 9:00 a.m. at the District's

Central Office before a hearing officer.  On the same day, April

23, a separate letter was hand-delivered to Campbell in her

classroom by Principal Angie McHenry detailing the factual basis

for the District's non-renewal decision, and listing potential

witnesses (with their anticipated testimony) and documentary

evidence expected to be presented at the hearing.  Three days

later, however, on April 26th, Campbell submitted her handwritten

resignation to Assistant Superintendent James Morgan, asking that

---

[2]    The notice gave the following reasons for nonrenewal:
. Unprofessionalism
. Failure to comply with plan of improvement
. Administration's lack of confidence in your ability to
  perform in the classroom
. Poor rapport with administration and staff.

her resignation be considered effective immediately.  Campbell

reported in her letter of resignation that when Principal McHenry

had come to deliver the District's explanation of its nonrenewal

decision, McHenry had "snatched [Campbell's] bookbag, knocking

[her] off balance," and Campbell, upset by this encounter, advised

that with sincere regrets, she was "resigning from my 5th grade

teaching position at Quitman Upper Elementary School."  Campbell

did not thereafter return to work.

Despite this turn of events, on May 6, attorney Linda Hampton

wrote to Dr. Shepherd that she would be representing Campbell at

the hearing on May 10.  The District's attorney, Robert Compton,

responded with a letter informing Hampton that Campbell had failed

to timely provide the District with her responses to the

District's statement of reasons for non-renewal, and its list of

witnesses and documents for the hearing, as required by the

Mississippi Code Annotated § 37-9-109, and that as a result, "the

recommendation of non-reemployment is final without the necessity

of a hearing."  He further wrote that in case Hampton was not

already aware, Campbell had already tendered her resignation of

employment and effectively abandoned her employment.

The following day, Hampton wrote a letter responding to

Compton's letter in which he had "effectively cancel[led] Mrs.

Campbell's hearing" scheduled for May 10.  Hampton wrote that

Campbell had not provided the information required by statute

because she was unaware that this was required, having never been provided any type of handbook outlining the grievance procedure afforded her and having first learned of those procedures on May 5, a mere five days before the scheduled hearing.  Hampton wrote, "Mrs. Campbell requests that her hearing be conducted as scheduled."

What happened next is in dispute.  The District maintains that John Compton, Robert Compton's law partner, telephoned Hampton on May 7 and told her the hearing would go forward as scheduled on May 10; Hampton contends no such conversation ever occurred and has provided an affidavit so stating and claiming further that not until May 19, when she received a letter informing her of the Board's decision to accept the recommendation for non-renewal, did she become aware that the District had proceeded with the hearing on May 10 in Campbell's absence.

After receiving this letter, Hampton wrote to Robert Compton complaining that her client had not been given notice of the hearing.  By letter dated July 6, Robert Compton informed Hampton that the Board had scheduled a special meeting for July 13 to consider Campbell's appeal of the administration's recommendation for non-renewal, and provided her a copy of the transcript and exhibits from the May 10th hearing.  Hampton wrote back inquiring whether the Board was planning to hold a hearing or merely a meeting of the hearing and exhibits.  The Board's attorney

responded that the Board would hold a meeting, at which Campbell

would be given the opportunity to appear and present a statement

in her own behalf in person or through her attorney prior to a

final decision.  Campbell, through her attorney, declined to

attend the meeting, taking the position that she was being wrongly

placed in the position of "pleading for her employment in a simple

statement as opposed to being afforded the full hearing to which

she is entitled by law."  The Board conducted its special meeting

on July 13, and affirmed the decision not to renew Campbell's

contract.

Campbell appealed the finding of the Board to the Clarke

County Chancery Court.  In a July 5, 2005 opinion affirming the

Board's non-renewal decision, the chancellor expressly found that

plaintiff had voluntarily resigned her employment with the

District on April 26, 2004, and did not thereafter return to work

or withdraw her resignation; that plaintiff was given proper

notice of the non-renewal hearing by Dr. Shepherd on April 23rd;

that plaintiff failed to timely respond to defendant's reasons for

non-renewal, as required by statute; that the non-renewal

recommendation became final by operation of law based on

Campbell's resignation and her non-compliance with the statute;

that despite the finality of the non-reemployment decision, the

hearing went forward as scheduled on May 10; that plaintiff

received notice that the hearing would go forward through her

attorney's conversation with John Compton on May 7, 2004; that her

contention that she was not given proper notice of the hearing was

without merit and that her due process rights were not violated;

and that the Board's determination to uphold the non-renewal was

supported by substantial evidence and was not arbitrary or

capricious and that no statutory or constitutional right of

Campbell was violated.

In this action, Campbell asserts claims for breach of

contract and for violation of her due process rights, both of

which appear to be based on the same factual premise, namely, that

the District failed to notify her that the hearing on the

superintendent's non-renewal recommendation had been rescheduled

thereby depriving her of her right to attend the hearing and

"present matters at the hearing relevant to the reasons given for

the proposed nonreemployment determination."  Defendants submit in

their motion that both claims are barred by collateral estoppel

and/or res judicata and that the claims are without merit, in any

event.  The court concludes that these claims are indeed barred by

collateral estoppel, and therefore finds it unnecessary to reach

defendants' further arguments.[3]

---

[3]     Having said that, it is apparent that plaintiff's
putative breach of contract claim is without merit.  Plaintiff's
only allegation in the complaint in support of her breach of
contract claim is that the District breached her contract for the
2003-2004 school year by failing to give her the required
statutory notice of the date and time of the hearing on its
decision to not renew plaintiff's employment for the succeeding

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give the same preclusive effect to state court judgments that those judgments would receive in the courts of the state from which the judgments emerged.  <u>Raju v. Rhodes</u>, 7 F.3d 1210, 1214 (5th Cir. 1993).  Thus, under federal law, "issues actually litigated in a state court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the state where the judgment was rendered."  <u>Allen v. McCurry</u>, 449 U.S. 90, 96, 101 S. Ct. 411, 415, 66 L. Ed. 2d 308 (1980).  Mississippi recognizes the doctrine of collateral

---

(2004–2005) school year.  This would not constitute breach of her employment contract, despite a general provision in the contract stating that the contract was "subject to all policies, resolutions, rules and regulations of the employer and the laws of the State of Mississippi."

   Plaintiff also argues in response to defendants' motion that the contract was breached by defendant's failure to have two evaluation instruments (performance appraisals) completed on teachers annually, which was not done in plaintiff's case.  No such allegation appears in plaintiff's complaint, and the only evidence submitted by plaintiff in support of this putative "policy" does not contain any requirement of two annual evaluations and in any event recites the Board's intention "that the written policies serve as guides for the discretionary action of those to whom it delegates authority and as a source of information for all persons who are interested in, and affected by, the district schools."  The alleged policy, therefore, does not grant the plaintiff any right to two annual evaluations.

   Plaintiff's claim against Superintendent Shepherd, to the extent he is sued in his individual capacity, must fail.  Plaintiff's only claim herein is that the District failed to notify her that the May 10 hearing would be held as originally scheduled, notwithstanding a May 6 letter from Robert Compton purporting to cancel the hearing.  There is neither allegation nor proof that Shepherd was personally involved in this alleged omission.

estoppel, and holds that "where a question of fact essential to a judgment is actually litigated and determined by a valid and final judgment, that determination is conclusive . . . [against the party against whom it is made] in a subsequent suit on a different cause of action."  Garraway v. Retail Credit Co., 244 Miss. 376, 385, 141 So.2d 727, 730 (1962); see also Dunaway v. W.H. Hopper & Assocs., 422 So. 2d 749, 751 (Miss. 1982) (under Mississippi law, a party is precluded from "relitigating a specific issue actually litigated, determined by, and essential to the judgment in a former action, even though a different cause of action is the subject of the subsequent action").

Collateral estoppel applies under Mississippi law where four requirements are met:  "(1) the plaintiff is seeking to relitigate a specific issue; (2) the issue was already litigated in a prior action; (3) the issue was actually determined in the prior action; and (4) the determination of the issue was essential to the judgment in the prior action."  Raju v. Rhodes, 809 F. Supp. 1229, 1236 (S.D. Miss. 1992).

In response to defendants' motion, plaintiff argues that collateral estoppel does not apply because there has been no prior adjudication on the merits of the issue sought to be litigated in this cause, that issue being whether plaintiff's due process (and/or contractual) rights were violated when the District conducted the hearing on her non-renewal without giving her notice

and an opportunity to be heard.  More to the point, she argues

that collateral estoppel does not apply because that particular

issue "has not been previously adjudicated <u>in a hearing</u> on the

merits." (Emphasis added).  Plaintiff reasons that the only

hearing on the merits that was conducted in the state proceeding

was the May 10th administrative hearing on the non-renewal of her

contract; and since the issue presented in this case is whether

that hearing itself violated her due process and/or contract

rights, this issue could not possibly have been litigated at the

hearing.  Plaintiff's argument is misguided.

Defendants do not contend that the issues presented here were

litigated at the School Board hearing.  Rather, their position is

that the issues were litigated and decided on plaintiff's appeal

of the School Board's decision to the Chancery Court, where the

issues here presented were clearly litigated (plaintiff assigned

as alleged error the District's failure to provide her with due

process) and was decided against plaintiff.

Plaintiff argues additionally and/or alternatively that the

Chancery Court's ruling cannot have preclusive effect because the

appeal was "only a narrow review, limited to the board's decision

and the record before the hearing officer" and "in no way was

litigation on the merits of the constitutional violation claims

raised in this court."  Her position is without merit.  A similar

argument was raised and rejected in <u>Gates v. Walker</u>, 865 F. Supp.
1222 (S.D. Miss. 1994), where the court held that a teacher's
§ 1983 claims were barred by collateral estoppel and res judicata
based on the decision of the chancery court on the teacher's
appeal of a school board decision.  The court observed that while
the plaintiff's § 1983 claim could not have been raised in the
state court proceeding, res judicata/collateral estoppel
nonetheless applied "since the rights alleged to have been
infringed and the underlying factual circumstances presented to
this court are the same."  <u>Id</u>. at 1238.  <u>See</u> <u>also</u> <u>Moses v.</u>
<u>Flanagan</u>, 727 F. Supp. 309, 310-11 (N.D. Miss. 1989) (holding that
chancery court's ruling that teacher's due process rights were not
abridged at school board's hearing on non-renewal decision was
entitled to preclusive effect in teacher's subsequent § 1983
lawsuit where issues before chancellor included whether the
hearing officer's decision violated any constitutional right of
the employee and where the constitutional claims raised in the
subsequent federal lawsuit were identical to those presented to
the chancellor).

     Although it is true, as plaintiff points out, that state law
provides only for "limited review" by the Chancery Court of a
school board's non-renewal decision, that review extends to the
question whether the decision is "[i]n violation of some statutory
or constitutional right of the employee."  Here, it is clear to

the court that factual issues presented are identical to those argued before and decided by the Chancery Court.  That court expressly found that plaintiff was not entitled to a hearing (and hence that her right to due process had not been violated by the conduct of a hearing in her absence) both because she had voluntarily relinquished her employment and abandoned her job well before the date of the scheduled hearing and also because she had failed to comply with her obligation under § 37-9-109 to timely provide the district with her response to its reasons for non-renewal.  That court further found plaintiff's alleged right to notice of the hearing had not been violated in any event because her attorney had been informed by attorney John Compton on May 7 that the hearing would be conducted on May 10, as originally scheduled.  That court's resolution of these issues was essential to the court's conclusion that defendant's non-renewal was lawful, and the issues therefore may not be relitigated in this case.

For these reasons, it is ordered that defendants' motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 56 of the Federal Rules of Civil Procedure.

SO ORDERED this 15th day of August, 2006.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE


14